UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RANDALL WEIS,
*Plaintiff*,

v.

No. 3:20-cv-1753 (JAM)

NED LAMONT *et al.*,
*Defendants*.

**ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT**

Plaintiff Randall Weis was a prisoner in the custody of the Connecticut Department of Correction (DOC). He filed this federal lawsuit primarily alleging that prison officials were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

I have previously issued initial review orders dismissing Weis's claims against all but three of the named defendants. These remaining defendants have now moved for summary judgment, and Weis has not filed any objection or other response. I will grant their unopposed motions for summary judgment because the undisputed evidence shows that Weis failed to exhaust his administrative remedies.

**BACKGROUND**

In accordance with the Court's local rules, the defendants have filed a statement of material facts along with supporting admissible evidence.[1] Because Weis has not filed any counter-statement of material facts, I will credit the defendants' statements of facts to the extent that they are properly supported by evidence that is admissible for summary judgment purposes. *See* D. Conn. L. Civ. R. 56(a)(3); *see also Jackson v. Fed. Exp.*, 766 F.3d 189, 194 (2d Cir. 2014); *Grimes v. McDonald*, 2021 WL 3773327, at *2 (D. Conn. 2021).[2]

---

[1] *See* D. Conn. L. Civ. R. 56(a)(1); Doc. #44-2; Doc. #48-2.
[2] Unless otherwise indicated, this ruling omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

1

In August 2019, Weis sought medical treatment because he had trouble swallowing.[3] He was diagnosed with and treated for a strep infection, but over the next year he complained of more symptoms, including an ear infection and a persistent sore throat.[4] One of the nurses who treated him was defendant Juanita Scott.[5]

Weis was also eligible to see a specialist, but it took a long time to get an appointment. So in March 2020, he filed a grievance with the prison, claiming that its "procedures in scheduling specialist appointments [were] flawed."[6] The next day, defendant Michelle Cyr, a nurse at the prison, responded to the grievance, claiming that the prison's "policies and procedures … [were] under review."[7]

But Weis was dissatisfied with this response and appealed. Eventually, he met in June 2020 with Cyr and defendant Colleen Gallagher—the Correctional Health Services Program Director—to discuss his complaints.[8] Meanwhile, Gallagher helped Weis get an expedited appointment with an ear, nose, and throat specialist at UConn Medical Center. Weis saw the specialist a few days after his meeting with Gallagher and Cyr.[9]

The specialist diagnosed Weis with swelling of the sinuses and vocal cord inflammation.[10] After a follow-up appointment in July, he recommended surgery.[11] Weis discussed the recommendation with Scott and agreed to undergo the operation.[12] But it was

---

[3] Doc. #44-2 at 1–2 (¶ 4).
[4] *Id.* at 2–4 (¶¶ 6–7, 20–23, 31).
[5] *Ibid.* (¶¶ 12, 16–17, 22–24).
[6] Doc. #48-6 at 2.
[7] *Ibid.*
[8] Doc. #48-2 at 4 (¶¶ 22–23).
[9] *Id.* at 1, 3-4 (¶¶ 3, 19-21).
[10] *Id.* at 5 (¶ 34).
[11] *Ibid.* (¶¶ 36, 39).
[12] Doc. #44-2 at 6 (¶ 48); Doc. #45 at 63.

never scheduled. Instead, Weis saw the doctor again in September. This time, the doctor determined that Weis was getting better and no longer needed surgery.[13]

Weis filed this lawsuit two months later in November 2020. He alleged that the delay in treatment violated his Eighth Amendment rights. I issued an initial review order dismissing all of his claims without prejudice for failure to allege plausible grounds for relief. *See Weis v. Lamont*, 2021 WL 171042 (D. Conn. 2021).

After Weis filed an amended complaint, I issued a second initial review order allowing his case to proceed against Cyr, Gallagher, and Scott but not against the other named defendants. *See Weis v. Lamont*, 2021 WL 1890390 (D. Conn. 2021). As to Cyr and Gallagher, I ruled that Weis alleged plausible grounds for relief insofar as the amended complaint alleged that once "he had a face-to-face meeting with [them]" in June 2020, they were "personally aware" that he needed urgent medical help "and yet failed to ensure that [his] needs were addressed." *Id.* at *6.

As to Scott, I ruled that Weis alleged plausible grounds for relief insofar as the amended complaint alleged that, once Scott learned in July 2020 that a specialist had recommended surgery, she "was well aware … of the seriousness of [his] conditions" and yet "did not schedule the surgery [in] conscious disregard [of his health]." *Id.* at *5. But Weis had not alleged enough facts against Scott to hold her liable for the delay he experienced during 2019 and earlier in 2020 in seeing a specialist in the first place. *Ibid*.

The defendants have now moved for summary judgment. Weis has not filed any objection or other response to their motions.

---

[13] Doc. #44-2 at 8 (¶¶ 64–65).

**DISCUSSION**

The principles governing the Court's review of a motion for summary judgment are well established. Summary judgment may be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Even though the facts here are undisputed, the Court must view them in the light most favorable to the party who opposes the motion for summary judgment and then decide if those facts would be enough—if eventually proved at trial—to allow a reasonable jury to decide the case in favor of the opposing party. *See generally Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014) (*per curiam*); *Benzemann v. Houslanger & Assocs., PLLC*, 924 F.3d 73, 78 (2d Cir. 2019).

The Prison Litigation Reform Act (PLRA) states that "[n]o action shall be brought with respect to prison conditions … by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In other words, before a prisoner may sue in federal court over his conditions, he usually must first follow the prison's internal procedures for filing a grievance. *See Woodford v. Ngo*, 548 U.S. 81, 90–93 (2006).

In Connecticut, state prisoners who have a complaint about their medical treatment are required to exhaust the administrative remedies as prescribed in the DOC's Administrative Directive 8.9.[14] As relevant here, the directive requires a prisoner to first try to resolve his grievance informally. If that does not solve the problem, the prisoner must file a "Health

---

[14] A new version of Administrative Directive 8.9 became effective on April 30, 2021. *See Health Services Administrative Remedies*, CONN. DEP'T OF CORR., https://portal.ct.gov/-/media/DOC/Pdf/Ad/ad0809pdf.pdf (last visited August 24, 2022). I will rely instead on the version that applied in 2020 when the events at issue happened and when Weis filed this lawsuit. Although the defendants have not included this prior version in their submissions in this case, I take judicial notice of the prior version as filed on the docket in other cases. *See, e.g.,* Doc. #35-6 to *Williams v. Osborn Medical Dept.*, 3:20-cv-1474 (D. Conn. 2020).

4

Services Review" form and then file a further appeal as permitted. *See Cruz v. Naqvi*, 2022 WL 3576648, at *4 (D. Conn. 2022) (describing requirements of AD 8.9); *Minnifield v. Dolan*, 2017 WL 1230840, at *6 (D. Conn. 2017) (same).

Weis's claims stem from alleged misconduct beginning in June and July 2020. It was June 2020 when Gallagher and Cyr had their face-to-face meeting with him and allegedly learned about the seriousness of his condition. And it was July 2020 when Scott learned that he needed surgery. But Weis did not exhaust his administrative remedies against any of these defendants for their alleged misconduct in those months or at any time before he filed this federal lawsuit in November 2020.

It is true that Weis filed a Health Services Review form in August 2020.[15] In this form Weis complained that "medical" had refused to tell him what "priority level" a doctor had assigned to his case in January 2020 for Weis to see a specialist.[16] This complaint did not raise any concerns about how the defendants had treated him in June and July 2020 *after* he had seen the specialist for the first time. In any case, after Weis got an answer, he never appealed, despite being advised at the bottom of the form that he could do so.[17] Weis did not exhaust his remedies as to the alleged violations of his rights that form the basis for this lawsuit against Cyr, Gallagher, and Scott.

To be sure, the PLRA's exhaustion requirement is not always enforced. A prisoner need not exhaust his administrative remedies if they are not meaningfully "available." § 1997e(a). A remedy is unavailable if it "operates as a simple dead end," if it is so opaque that it becomes incapable of use by the ordinary prisoner, or if prison administrators "thwart inmates from taking

---

[15] Doc. #48-2 at 6 (¶ 44); Doc. #48-4 at 4 (¶ 16).
[16] Doc. #48-6 at 8.
[17] Doc. #48-2 at 6 (¶¶ 46–47); Doc. #48-6 at 8.

advantage of it through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. 632, 643–44 (2016). Here, however, the undisputed evidence shows that the prison grievance system was available. For example, when Weis complained in March 2020 about the delay in his treatment, he was able to get an expedited appointment and a meeting with the Director of Correctional Health Services.[18]

There are two more points to discuss. First, only Cyr and Gallagher have moved for summary judgment on the ground of Weis's failure to exhaust administrative remedies.[19] Although Scott raised the defense of failure to exhaust administrative remedies in her answer, she has (oddly) not sought summary judgment on this basis.[20] Does this mean that Scott is not entitled to summary judgment on the ground of failure to exhaust? No, it does not. A court may *sua sponte* dismiss a complaint for failure to exhaust administrative remedies provided that the defense is readily apparent and provided that the plaintiff has had an opportunity to show that he exhausted his remedies. *See Snider v. Melindez*, 199 F.3d 108, 112–13 (2d Cir. 1999). Both conditions are true here: the defense is readily apparent, and Weis has had an opportunity (which he has foregone) to respond to the argument that he did not exhaust his remedies. So the PLRA bars not only Weis's claims against Cyr and Gallagher but also against Scott.

The second point: should this action be dismissed *with* prejudice or *without* prejudice? Sometimes courts dismiss a complaint without prejudice on the ground that the prisoner can properly exhaust his administrative remedies and then reinstitute his suit. *See, e.g., Waters v. Blumberg*, 2020 WL 3451853, at *13 (D. Conn. 2020). But whereas the prior version of Administrative Directive 8.9 did not impose a time limit for the initial filing of a health services

---

[18] Of course, to the extent that Weis properly exhausted remedies in March 2020, he has not alleged in this lawsuit any plausible Eighth Amendment claim arising from his treatment in March 2020.
[19] Doc. #48-1 at 11–14.
[20] *Compare* Doc. #33 at 10 *with* Doc. #44.

remedy, the new version—in effect since April 30, 2021—contains a time limitation of 30 days.[21] It is now too late for Weis to exhaust his administrative remedies as to the alleged violations of his rights in June and July 2020, such that his complaint should be dismissed with prejudice.

## CONCLUSION

The Court GRANTS the defendants' unopposed motions for summary judgment (Docs. #44, #48). The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 24th day of August 2022.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

---

[21] *See Health Services Administrative Remedies,* https://portal.ct.gov/-/media/DOC/Pdf/Ad/ad0809pdf.pdf at 7, § 6(b)(iii)(4) (health services remedy must be filed within 30 calendar days of the occurrence or discovery of the alleged wrong); *id.* at 3, § 4(h) ("All inmates shall be subject to the time limitations established within this Directive. Any request for a Health Services Administrative Remedy that does not adhere to the time limitations set forth shall be rejected.").